UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Kevin Albert Richard COSET, | Case No.: 21-cv-1439-MMA-AGS |
|---|---|
| Petitioner, | **REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION (ECF 1)** |
| v. | |
| Kathleen ALLISON, Secretary of California Department of Corrections and Rehabilitation, et al., | |
| Respondents. | |

Petitioner Kevin Coset seeks a writ of habeas corpus. Most of his claims are waived due to his valid guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The remaining claims are either unexhausted or noncognizable.

## BACKGROUND

In 2013, as he later admitted, petitioner Kevin Coset "repeatedly shot and stabbed an acquaintance and wrapped his body in a sleeping bag." *People v. Coset*, No. D074258, 2020 WL 1670641, at *1 (Cal. App. 4th Dist. Apr. 6, 2020). Coset was charged with first-degree murder, including a lying-in-wait special circumstance allegation as well as firearm and deadly-weapon enhancement allegations. *Id*. Over the next several years, Coset fired his first two attorneys, and the pretrial litigation focused on his competency to stand trial and represent himself. *Id*. at *2. In 2017, the trial court granted Coset's request to represent himself, and he finally proceeded to trial alone. *Id*.

After the prosecution's opening statement, Coset passed the prosecutor "a note asking if he could plead no contest to the charges." *Coset*, 2020 WL 1670641, at *2. While the prosecution refused that offer, the parties soon reached a plea deal. *Id*. In exchange for the prosecutor's agreement to dismiss the special-circumstance allegation—which carried a life sentence without parole—Coset pleaded guilty to first-degree premeditated murder and admitted the weapons-related enhancement allegations. *Id*. at *3.

About a month later, Coset moved to withdraw his guilty plea. *Coset*, 2020 WL 1670641, at *3. The trial court denied that motion and sentenced Coset to prison for 50 years to life, plus one year, and ordered him to pay over $10,000 in assessments, fees, and fines. *Id*. at *1, *1 n.3. The California Court of Appeal affirmed the judgment, *id*. at *8, and the California Supreme Court denied review. (*See* ECF 5-18 (unpublished California Supreme Court denial).)

Coset petitioned the California Court of Appeal for a writ of habeas corpus, claiming that (1) his guilty plea was invalid because he was under duress; (2) his speedy-trial rights were violated; (3) his counsel provided ineffective assistance at every critical stage of the pretrial proceedings (and one defense counsel had a conflict of interest); and (4) the cumulative effect of these errors deprived him of a fair trial and resulted in a miscarriage of justice. (ECF 5-19, at 3–15.) The Court rejected Coset's petition, ruling that his guilty plea was valid. (ECF 5-20, at 1.) Because a valid guilty plea abandons any claim of "error in pretrial proceedings," the Court concluded that Coset's other claims were waived. (*Id*.) The California Supreme Court denied review of that decision. (ECF 5-22, at 1.)

## DISCUSSION

In his federal habeas petition, Coset argues (1) his speedy-trial rights were violated; (2) his first defense attorney was ineffective in bail proceedings, pretrial investigation, and trial preparations; (3) the "cumulative effect of multiple errors" by the state court, prosecutor, and defense counsel denied his right to a fair trial; and (4) his fines and fees were excessive. (*See* ECF 1.) Crucially, Coset does not contest the validity of his guilty plea. (*See* ECF 5-16, at 10 (Coset acknowledges that he "initiated the request to plead immediately after the prosecutor presented opening statement" and that he "agreed to plead guilty to first degree murder with the gun and knife enhancements after the prosecutor removed the special circumstances allegation.").)

**A.     Waiver of Pre-Plea Errors**

Coset's valid guilty plea dooms all his claims of pre-plea error. "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process."

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Once a criminal defendant admits to guilt in open court, he cannot "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.*; *see also Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017) (same). Thus, Coset's speedy-trial and ineffective assistance claims are foreclosed. Similarly, much of his third ground for relief—the "cumulative effect of multiple errors"—deals with alleged pre-plea issues that are waived. The Court addresses below the remaining unwaived claims.

**B.     Cumulative Effect of Multiple Errors / Right to Counsel**

The one portion of Coset's "cumulative effect" argument that survives his guilty plea is his claim that he was "without counsel at the time of his guilty plea, and sentencing." (ECF 1, at 8.) But this claim fails on procedural grounds: it was never exhausted in state court. Under the exhaustion doctrine, petitioners must "fairly present[]" their "federal claim[s] to the highest state court with jurisdiction to consider it." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996); *see also* 28 U.S.C. 2254(b)(1)(A) (requiring federal habeas applicants to "exhaust[] the remedies available in the courts of the State" before seeking federal relief). Yet Coset never argued—nor even mentioned—this ground to the California Supreme Court. (*See generally* ECF 5-17.) Thus, he cannot raise it here. *See Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988) (per curiam) (holding that courts "may examine the exhaustion question sua sponte").

**C.     Fines-and-Fees Claim**

Finally, Coset challenges his fines and fees. (ECF 1, at 9.) But these are not proper subjects of habeas relief. A writ of habeas corpus remedies unlawful imprisonment, not lesser restraints on liberty. Federal habeas proceedings are only available for claims that a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "A monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement . . . [n]or does potential future incarceration for failure to pay such a fine provide the requisite subject matter jurisdiction." *Williamson v. Gregoire*, 151 F.3d 1180, 1184

(9th Cir. 1998) (citation omitted); *see also Bailey*, 599 F.3d at 980–81 (noting that habeas claims are not cognizable unless they "'call into question the lawfulness of conviction or confinement' or challenge the fact, length, or conditions of the petitioner's custody or 'seek immediate or speedier release'" (citations omitted)).

Therefore, Coset's fees and fines cannot be challenged in this habeas proceeding.

**D.  Certificate of Appealability**

Under Rule 11 of the Federal Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.*; *see also* 28 U.S.C. § 2253(c). A certificate of appealability is only proper when the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

Coset's claims are all waived, unexhausted, or noncognizable. No reasonable jurist could argue otherwise. *See Buck*, 137 S. Ct. at 773. So Coset is not entitled to a certificate of appealability.

## CONCLUSION

The Court recommends the following orders:

1. Coset's habeas petition is **DENIED**.

2. A certificate of appealability is **DENIED**.

The parties have 14 days from service of this report to file any objections to it. *See* 28 U.S.C. § 636(b)(1). The party receiving an objection has 14 days to file any response. *See* Fed. R. Civ. P. 72(b)(2).

Dated: May 24, 2022

_____
Hon. Andrew G. Schopler
United States Magistrate Judge